## MUNICIPAL REGULATION OF BILLBOARDS.

Common Pleas Court of Hamilton County.

STATE OF OHIO, ON THE RELATION OF THE CINCINNATI BILL
POSTING COMPANY, v. GEORGE W. RAPP, COMMISSIONER
OF BUILDINGS OF THE CITY OF CINCINNATI.

Decided, January 20, 1913.

*Constitutional Law—Restrictions on Property Rights—Prohibitions
Against Bill Boards Which Are Without Warrant—Police Power
Not for the Furtherance of Aestheticism.*

A municipal council is without power to provide by ordinance that in
no case shall any bill-board be erected within the municipal
limits at a distance of less than fifteen feet from the sidewalk.

*Frank M. Coppock,* for plaintiff.
*Alfred Bettman,* Solicitor for Cincinnati, contra.

DICKSON, J.

The Cincinnati Bill Posting Company asks the court to compel
the defendant to issue to it a permit to erect a billboard, and
in its petition asserts that there is a certain ordinance of the
council of the city of Cincinnati purporting to lawfully pre-
scribe certain restrictions as to the erection and maintenance of
billboards; that among others there is a restriction that in no
case shall any billboard be less than fifteen feet from a street
line. The plaintiff asserts also that it was willing to comply
with all the required restrictions except this one as to the fifteen
feet, but that the defendant refused the permit without the com-
pliance also as to the fifteen feet. Plaintiff claims that the
fifteen foot restriction is void.

The defendant demurs generally, and the issue is, had the
council of the city of Cincinnati power to provide that in no
case shall any billboard be less than fifteen feet from such street
line.

As the ordinance as to billboards is lengthy and with many lettered sections, the court will cite only four of these lettered sections.

"Section 455*h*.    No bill-board shall be nearer to the lot line on any street than the house line adjoining the same.

"Section 455*i*.    In no case shall any billboard be less than fifteen (15) feet from such street line.

"Section 455*j*.    Where new buildings are erected present billboards shall be set back to such house line of adjoining lot.

"Section 455*s*.    Each of the foregoing lettered sections relating to signs and billboards is hereby declared to be independent of every other section, and the invalidity of any one shall not invalidiate any of the others."

The ordinance of which the above letttered sections are parts is Section 455, pages 176, 177 and 178 of the Codification of Ordinances of the city of Cincinnati, passed April 21, 1911, and approved April 24, 1911.

All power of the council is under the Constitution and its appendant, the General Assembly.    Private property shall ever be held inviolate but subservient to the public welfare.

The public welfare is protected under police power and such power can have reference only to the health, the morals and the safety of a community, and such power can never be used arbitrarily.

It is worthy of notice that neither the federal nor the state Constitution has seen fit to check the majority in its interpretation of aestheticism.    Public welfare under the police power could not reasonably be strained to embrace and thus control the individual's idea of the beautiful.    So, in this state at least, each person is still permitted to adopt his own to his own taste as far as beauty is concerned.

The court is not interested as to whether this be good law or not.    It is the law.

We have seen that the police can step in only when the property owners unreasonably hinder the health, morality and safety of the community.

As to the matter in hand does lettered section (1) "In no case shall any billboard be less than fifteen feet from such

street.line'' affect the health or the morality or the safety of this community. Surely not as to the first and second, health, morality, and as to the third, safety, can not a bill-board be just as safe anywhere on the lot as fifteen feet back?

The court is of the opinion it can and so holds, and it is further of the opinion that lettered section (*i*) was passed with an eye single to beautiful, and such power is without authority and void as being unconstitutional, and the court is further aided in this when it considers lettered section (*h*):

''No billboard shall be nearer to the lot line on any street than the house line adjoining the same.''

And also lettered section (*j*):

''When new buildings are erected, present billboards shall be set back to such house line of adjoining lot.''

Clearly when council considered lettered sections (*h*), (*i*) and (*j*), it contemplated beauty rather than health, morality or safety, and then and thus was acting outside its scope.

The demurrer will be overruled and the writ allowed.